IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-01376-GPG-NRN

WENDY FAUSTIN,

Plaintiff,

v.
JARED POLIS, in his official capacity as Governor of Colorado;
PHILIP J. WEISER, in his official capacity as Colorado Attorney General;
JOHN KELLNER, in his official capacity as District Attorney for the 18th Judicial District;
SAM WATSON, in his official capacity as Chief of the Englewood Police Department;
CITY AND COUNTY OF DENVER;
BETH MCCANN, in her official capacity as District Attorney for the 2nd Judicial District;
KERRY C. TIPPER, in her official capacity as City Attorney of Denver; *and*
RON THOMAS, in his official capacity as Chief of the Denver Police Department,

Defendants.

---

**MOTION TO DISMISS FROM DEFENDANTS**
**JOHN KELLNER AND BETH MCCANN**

---

Defendants John Kellner and Beth McCann, by and through their counsel, Andrew D. Ringel, Esq. of Hall & Evans, L.L.C., hereby respectfully submit this Motion to Dismiss, as follows:

## INTRODUCTION

Defendant John Kellner is the elected District Attorney for the Eighteenth Judicial District of Colorado. Defendant Beth McCann is the elected District Attorney for the Second Judicial District of Colorado. Plaintiff challenges the constitutionality of C.R.S. § 18-9-122(3) and Denver Code of Ordinances § 38-114(b). Plaintiff names the District Attorneys based on their enforcement authority for violations of C.R.S. § 18-9-122(3). Defendants Jared Polis, Governor of the State of Colorado, and Philip J. Weiser, Attorney General of the State of Colorado, have answered Plaintiff's

Complaint and Jury Demand and specifically declared their intention to defend the constitutionality of C.R.S. § 18-9-122(3) on its merits without asserting any Eleventh Amendment sovereign immunity defense. Moreover, District Attorneys do not have the authority to enforce municipal ordinances. Accordingly, District Attorneys Kellner and McCann are not necessary parties to Plaintiff's constitutional challenge and therefore should be dismissed as Defendants by this Court.

## ARGUMENT

### I. DISTRICT ATTORNEYS JOHN KELLNER AND BETH MCCANN ARE NOT NECESSARY PARTIES TO LITIGATE THE CONSTITUTIONALITY OF C.R.S. § 18-9-122 BASED ON THE GOVERNOR'S AND THE ATTORNEY GENERAL'S PARTICIPATION AS DEFENDANTS

Plaintiff names Governor Polis, Attorney General Weiser, District Attorney Kellner, and District Attorney McCann as Defendants to challenge the constitutionality of C.R.S. § 18-9-122. [ECF 1, ¶¶ 3, 13, 16 and Count One]. The Governor has answered Plaintiff's Complaint. In so doing, the Governor asserted his intention to defend C.R.S. § 18-9-122 from Plaintiff's constitutional challenge as follows:

> The Governor enjoys Eleventh Amendment sovereign immunity from suit where he is sued in his official capacity "'to enjoin the enforcement of an act alleged to be unconstitutional.'" ***Peterson v. Martinez,*** 707 F.3d 1197, 1205 (10th Cir. 2013) (quoting ***Ex Parte Young,*** 209 U.S. 123, 157 (1908)), but does not "'have a particular duty to 'enforce' the statute in question and a demonstrated willingness to exercise that duty,'" ***Id.*** (quoting ***Prairie Band Potawatomi Nation v. Wagon,*** 476 F.3d 818, 828 (10th Cir. 2007)); *see also* ***Hendrickson v. AFSCME Council 18,*** 992 F.3d 950, 965-68 (10th Cir. 2012) (same; collecting cases). Section 18-9-122 is a criminal statute, and the Complaint does not allege that the Governor has prosecuted persons under section 18-9-122. Compl. (Doc. No. 1). But for the purpose of defending section 18-9-122 against Plaintiff's First Amendment challenge here, which seeks only declaratory and injunctive relief against the Governor, *see* ***id.***, the Governor agrees to waive his sovereign immunity and consents to be sued in this Court in only this case, in only his official capacity, and only for prospective relief. *See* ***MCI Telecomms. Corp. v. Pub. Serv. Comm'n of Utah,*** 216 F.3d 929, 935 (10th Cir. 2000) ("[A] state may waive its sovereign immunity by consenting to suit in federal court.").

[ECF 43, ¶ 11, n. 1]. Identically, the Attorney General has answered Plaintiff's Complaint. And the Attorney General asserted his intention to defend C.R.S. § 18-9-122 from Plaintiff's constitutional challenge as follows:

> The Attorney General enjoys Eleventh Amendment sovereign immunity from suit where he is sued in his official capacity "'to enjoin the enforcement of an act alleged to be unconstitutional.'" ***Peterson v. Martinez,*** 707 F.3d 1197, 1205 (10th Cir. 2013) (quoting ***Ex Parte Young,*** 209 U.S. 123, 157 (1908)), but does not "'have a particular duty to 'enforce' the statute in question and a demonstrated willingness to exercise that duty,'" ***Id.*** (quoting ***Prairie Band Potawatomi Nation v. Wagon,*** 476 F.3d 818, 828 (10th Cir. 2007)); *see also* ***Hendrickson v. AFSCME Council 18,*** 992 F.3d 950, 965-68 (10th Cir. 2012) (same; collecting cases). Section 18-9-122 is a criminal statute, and the Complaint does not allege that the Attorney General has prosecuted persons under section 18-9-122. Compl. (Doc. No. 1). But for the purpose of defending section 18-9-122 against Plaintiff's First Amendment challenge here, which seeks only declaratory and injunctive relief against the Attorney General, *see* ***id.***, the Attorney General agrees to waive his sovereign immunity and consents to be sued in this Court in only this case, in only his official capacity, and only for prospective relief. *See* ***MCI Telecomms. Corp. v. Pub. Serv. Comm'n of Utah,*** 216 F.3d 929, 935 (10th Cir. 2000) ("[A] state may waive its sovereign immunity by consenting to suit in federal court.").

[ECF 43, ¶ 12, n. 2]. Based on the Governor's and the Attorney General's waiver of Eleventh Amendment sovereign immunity and intent to defend the constitutionality of C.R.S. § 18-9-122 from Plaintiff's challenge on the merits, there is no reason for District Attorneys Kellner and McCann to continue as Defendants.

Courts routinely dismiss duplicative, unnecessary and redundant claims and defendants. *See, e.g.,* ***Silverstein v. Fed. Bureau of Prisons,*** 704 F.Supp.2d 1077, 1087 (D. Colo. 2010) ("Where, as here, the entity is also named, there is no need for an official-capacity claim."); ***Lee v. City & Cnty. of Denver,*** 14-cv-02574-RBJ, 2015 U.S. Dist. LEXIS 6041, *10-11 (D. Colo. Jan. 20, 2015) (dismissing official capacity claims against individual defendants as duplicative of claim against city); Fed. R. Civ. P. 12(f) (the court may strike from a pleading redundant claims);

***Sensoria, LLC v. Kaweske,*** 20-cv-00942-MEH, 2021 U.S. Dist. LEXIS 5449, *47 (D. Colo. Jan. 12, 2021) ("A court may dismiss a declaratory judgment claim that is duplicative or redundant to other claims).

Specifically, courts have also dismissed improper, unnecessary or redundant parties as defendants in cases involving challenges to a statute's constitutionality. *Compare* ***Phantom Fireworks Showrooms, LLC v. Wolf,*** 198 A.3d 1205, 1217 (Pa. Comm. Ct. 2018) (Governor not necessary party when secretaries of cabinet departments for implementing act are defendants); ***Jiricko v. Frankenburg Jensen Law Firm,*** 16-cv-00132-DB-EJF, 2017 U.S. Dist. LEXIS 49879, *17-20 (D. Utah. Mar. 14, 2017) (state court judges not proper parties to defend constitutionality of state statute); ***Preskar v. United States,*** 248 F.R.D. 576, 585 (E.D. Cal. 2008) (recognizing state officers with statewide administrative functions under challenged statute are proper parties to defend constitutional challenge); ***N.C. State Conf. of the NAACP v. Cooper,*** 332 F.R.D. 161, 168 (M.D.N.C. 2019) (rejecting intervention of legislators under Fed. R. Civ. P. 24 reasoning "because State Defendants in this action are presently defending the challenged legislation and have expressed no intention to do otherwise, Proposed Intervenors have failed to demonstrate that they have a significantly protected interests in likewise defending the constitutionality of S.B. 824 sufficient to warrant a right to intervene"); *and cf.* ***Nichols v. Brown,*** 859 F.Supp.2d 1118, 1131-32 (C.D. Cal. 2012) (Governor not proper party to defend the constitutionality of a state statue based on his general duty to enforce state law); ***Rosendale v. Lankenau Kovner & Bickford,*** 1989 U.S. Dist. LEXIS 14491, *20-21 (S.D.N.Y. Dec. 5, 1989) (attorney general not required party to all constitutional challenges of state statutes simply because he is required to defend challenged statute).

Here, the Governor's and the Attorney General's express decision to participate in the constitutional defense of C.R.S. § 18-9-122 makes District Attorneys Kellner and McCann unnecessary and duplicative parties. No question exists the District Attorneys would be bound by a decision by this or any other court declaring C.R.S. § 18-9-122 unconstitutional. The constitutionality of the statute is well defended by the Governor and the Attorney General and no need exists for the District Attorneys to also participate in this litigation as Defendants. Nothing is gained by requiring the District Attorneys to continue as Defendants and a greater expenditure of public resources for the District Attorneys' defense is unnecessary and unwarranted. Under these circumstances, District Attorneys Kellner and McCann should be dismissed as defendants.

## II. DISTRICT ATTORNEYS LACK THE AUTHORITY TO ENFORCE MUNICIPAL ORDINANCES AND THEREFORE DISTRICT ATTORNEYS KELLNER AND BETH MCCANN ARE NOT NECESSARY PARTIES TO LITIGATE THE CONSTITUTIONALITY OF DENVER CODE OF ORDINANCES § 38-1114(b)

Plaintiff also challenges the constitutionality of Denver Code of Ordinances § 38-114(b). [ECF 1, Count Two]. Plaintiff does not appear to name District Attorneys Kellner and McCann as part of her challenge to Denver's Ordinance. [ECF 1, ¶¶ 104-116].[1] Regardless, under Colorado law it is clear a District Attorney lacks the authority to prosecute any violations of a municipal ordinance.

District Attorneys in Colorado appear on behalf of the state and counties in "all indictments, actions, and proceedings which may be pending in the district court in any county within his district wherein the state or the people thereof of any county in his district may be a party." C.R.S. § 20-1-

[1] It also does not appear Plaintiff challenges any City of Englewood Ordinance although the reference to Denver Code of Ordinances § 7-6B-6 could be to a City of Englewood Ordinance. [ECF 1, ¶ 512; ECF 43, ¶51].

102(1)(a). A district attorney has the authority to prosecute all violations of law that occur in his or her judicial district unless the state legislature has authorized a different body to prosecute a particular type of action. ***Berges v. County Court,*** 409 P.3d 592, 595 (Colo. App. 2016); ***Harris v. Jefferson County Court,*** 808 P.2d 364, 365 (Colo. App. 1991). However, violations of municipal ordinances under Colorado law for both home rule and statutory cities and towns lies with the city attorney not the district attorney. ***People v. Wright,*** 742 P.2d 316, 319 (Colo. 1987); ***Williamsen v. People,*** 735 P.2d 176, 182 (Colo. 1987). Because District Attorneys lack authority to enforce violations of municipal ordinances, Plaintiff's challenge to Denver Code of Ordinances § 38-114(b) also does not require District Attorneys Kellner and McCann as Defendants.

## CONCLUSION

In conclusion, for all the foregoing reasons, Defendants John Kellner and Beth McCann respectfully request this Court dismiss them as Defendants in this matter as unnecessary parties, and for all other and further relief as this Court deems just and appropriate.

Dated this 31st day of July 2023.

Respectfully submitted,

*s/Andrew D. Ringel*___

Andrew D. Ringel, Esq.
Hall & Evans, L.L.C
1001 17th Street, Suite 300
Denver, CO 80202
Phone: 303-628-3300
Fax: 303-628-3368
E-mail: ringela@hallevans.com

**ATTORNEYS FOR DEFENDANTS JOHN KELLNER AND BETH MCCANN**

**CERTIFICATE OF SERVICE (CM/ECF)**

I hereby certify that on this 31st day of July 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system following notification of such filing to all counsel of record in this matter.

*s/Nicole Marion*
Nicole Marion, Legal Assistant