**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| WENDY FAUSTIN,<br><br>*Plaintiff*,<br><br>v.<br><br>JARED POLIS, in his official capacity as Governor of Colorado, *et al.*,<br><br>*Defendants.* | No. 23-cv-01376-GPG-NRN |

**PLAINTIFF'S RESPONSE TO DEFENDANT**
**MCCANN'S MOTION TO DISMISS**

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES .......... ii

INTRODUCTION .......... 1

BACKGROUND .......... 1

ARGUMENT .......... 2

I. Because Defendant McCann Has Authority to Enforce Section 18-9-122(3), She Is a Proper Defendant .......... 2

II. Defendant McCann Fails To Show that She Is a Redundant Party. .......... 5

CONCLUSION .......... 7

## TABLE OF AUTHORITIES

**Cases** **Page**

*Bronson v. Swensen*, 500 F.3d 1099 (10th Cir. 2007) ....................5

*Jiricko v. Frankenburg Jensen L. Firm*, 2017 WL 1207879 (D. Utah Mar. 14, 2017) ....................6

*Kentucky v. Graham*, 473 U.S. 159 (1985)....................6

*Lee v. City & Cnty. of Denver*, 2015 WL 249470 (D. Colo. Jan. 20, 2015)....................6

*Nichols v. Brown*, 859 F. Supp. 2d 1118 (C.D. Cal. 2012)....................7

*North Carolina State Conf. of NAACP v. Cooper*, 332 F.R.D. 161 (M.D.N.C. 2019)....................6

*Peck v. McCann*, 43 F.4th 1116 (10th Cir. 2022) ....................3

*Phantom Fireworks Showrooms, LLC v. Wolf*, 198 A.3d 1205 (Pa. Commw. Ct. 2018) ..........1, 7

*Preskar v. United States*, 248 F.R.D. 576 (E.D. Cal. 2008) ....................6

*Rosendale v. Lankenau Kovner & Bickford*, 1989 WL 151235 (S.D.N.Y. Dec. 6, 1989) ....................7

*Sensoria, LLC v. Kaweske*, 2021 WL 103020 (D. Colo. Jan. 12, 2021)....................6, 7

*Silverstein v. Federal Bureau of Prisons*, 704 F. Supp. 2d 1077 (D. Colo. 2010) ....................6

*Virginia House of Delegates v. Bethune-Hill*, 139 S. Ct. 1945 (2019)....................5

*Ward v. Utah*, 321 F.3d 1263 (10th Cir. 2003)....................3, 4

**Constitutions, Statutes and Rules**

FED. R. CIV. P. 12(f)....................2

FED. R. CIV. P. 65(d)(2) ....................4

COLO. CONST. art. VI, § 13 ....................4

COLO. REV. STAT.

§ 18-9-122....................1
§ 18-9-122(3) ....................5, 6, 7
§ 20-1-101 et seq....................4

DENVER CODE OF ORDINANCES § 38-114 ....................1

## INTRODUCTION

Defendant McCann moves to dismiss Plaintiff's claims against her, but she identifies no basis for concluding that the Court lacks subject-matter jurisdiction, that the claims fail as a matter of law, or that any other basis for dismissal under Rule 12(b) applies. Instead, Defendant argues that because Plaintiff also seeks an injunction restraining the Governor and Attorney General from enforcing the challenged law, her request to also enjoin Defendant McCann—the official with direct authority to enforce the law at issue—is somehow duplicative. Not so. Defendant cites no authority for the proposition that the possibility of an injunction against a high-ranking state official with *less direct* enforcement authority over the challenged law justifies the dismissal of the officer who *directly and immediately enforces* the law; indeed, Defendant's own cases refute that notion. *See Phantom Fireworks Showrooms*, *LLC v. Wolf*, 198 A.3d 1205, 1217 (Pa. Commw. Ct. 2018) (holding that the agency officials "responsible for implementing a statute" are "necessary parties" even if the Governor is not). Defendant McCann's motion to dismiss should be denied.

## BACKGROUND

Plaintiff brought suit on June 1, 2023, challenging the restrictions imposed by COLO. REV. STAT. § 18-9-122 and DENVER CODE OF ORDINANCES § 38-114 on speech outside of abortion clinics in Colorado. Plaintiff alleged that she engages in peaceful speech and protest outside of abortion clinics in Denver and Englewood and that she wishes to speak with women outside those clinics and give them further information related to the abortion procedure and its alternatives, but that the challenged laws restrict her ability to do so, in violation of the First Amendment. She named as defendants the Governor and Attorney General of Colorado, the City and County of Denver, city officials in Denver and Englewood, as well as District Attorney John Kellner and Ms. McCann, the District Attorneys with jurisdiction over Denver and Englewood, respectively.

Plaintiff sought injunctive relief against all defendants restraining enforcement of the challenged laws, as well as nominal damages from the City and County of Denver for past violations of her First Amendment rights.

Subsequent to the filing of the complaint, the abortion clinic in Englewood, Healthy Futures, closed its Englewood location and moved to Denver. Because that development had the effect of mooting Plaintiff's request for an injunction against the Englewood defendants—Chief of the Englewood Police Sam Watson and District Attorney John Kellner—she agreed to the voluntary dismissal of those defendants from the action on September 7, 2023. *See* Stip. of Party Dismissal, Doc. 57 (Sept. 7, 2023).

On July 31, Defendant McCann and Defendant Kellner (then still a defendant) moved to dismiss the claims against them as duplicative of Plaintiff's claims against the Governor and Attorney General. Plaintiff now responds to Defendant McCann's motion to dismiss.[1]

## ARGUMENT

### I. Because Defendant McCann Has Authority to Enforce Section 18-9-122(3), She Is a Proper Defendant.

Defendant McCann moves to dismiss the claims against her, but she does not argue that the Court lacks subject matter jurisdiction or that those claims fail as a matter of law, nor does she identify any other basis for dismissal under FED. R. CIV. P. 12(b). Instead, the closest Defendant comes to identifying any procedural basis for her motion is an oblique reference to the Court's authority under Rule 12(f) to "strike from a pleading . . . any redundant . . . matter." FED. R. CIV. P. 12(f). Even interpreting Defendant's motion as a request to strike the claims against her under

[1] Because Defendant Kellner has been voluntarily dismissed as a party, the portion of the July 31 motion to dismiss that relates to him is now moot.

Rule 12(f), however, the request plainly fails, because the claims against Defendant McCann are not redundant.

Defendant effectively concedes that she has authority to enforce Section 18-9-122(3) within her district. *See* Am. Mot. to Dismiss at 6, Doc. 47 (July 31, 2023) ("MTD") ("A district attorney has the authority to prosecute all violations of law that occur in his or her judicial district . . . .").[2] She even quotes a statutory provision that *mandates* she appear on behalf of the state and the counties in her district "[i]n all indictments, actions, and proceedings . . . wherein the state or people thereof of any county in [her] district may be a party." *Id.* at 5 (quoting COLO. REV. STAT. § 20-1-102(1)(a)). Accordingly, as matters currently stand, were Plaintiff to exercise her First Amendment rights in Denver in a way that is inconsistent with the challenged state law, she would clearly face a credible threat of prosecution from Defendant McCann. *See, e.g.*, *Peck v. McCann*, 43 F.4th 1116, 1129 (10th Cir. 2022) ("[A] plaintiff bringing a First Amendment claim can show standing by alleging an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by statute, and there exists a credible threat of prosecution thereunder, or by alleging a credible threat of future prosecution plus an ongoing injury resulting from the statute's chilling effect on his desire to exercise his First Amendment rights." (cleaned up)). An injunction barring Defendant from executing Section 18-9-122(3) would thus directly and substantially redress the injury to Plaintiff's First Amendment rights, by removing that threat of prosecution. *See, e.g.*, *Ward v. Utah*, 321 F.3d 1263, 1269–70 (10th Cir. 2003) ("[A] declaratory

---

[2] Defendant McCann also argues that she lacks authority to enforce DENVER CODE OF ORDINANCES § 38-114(b). MTD at 5–6. Plaintiff agrees, which is why Plaintiff did not name her as a defendant to the Count challenging the Denver ordinance. *See* Compl. ¶¶ 104–16, Doc. 1 (June 1, 2023).

judgment that the law is unconstitutional and an injunction preventing its enforcement would likely redress [the plaintiff's] injury.").

To be sure, Plaintiff has also named the Governor and Attorney General as defendants, and an injunction binding them would also provide Plaintiff with at least partial redress, by eliminating the credible threat that *those* officials (and their employees and agents) might enforce Section 18-9-122(3) against her. Colorado district attorneys, however, are not employees or agents of the Governor or Attorney General, but are elected officials mandated by the state constitution and assigned independent statutory obligations. *See* COLO. CONST. art. VI, § 13; COLO. REV. STAT. § 20-1-101 et seq. While Defendant McCann might well choose to abide by an injunction against the State Defendants even if it did not run against her, if she were no longer a party to this case she could also claim that she is not formally bound by such an injunction, and continue to enforce the law. *See* FED. R. CIV. P. 65(d)(2) (injunction binds only parties and their "officers, agents, servants, employees, and attorneys"). The relief accorded Plaintiff by an injunction against Defendant McCann is thus separate and distinct from the relief she would receive from an injunction against the Governor or Attorney General. Defendant cites no authority for the proposition that the possibility of relief redressing the harm caused by *one* party renders a request for relief redressing the harm caused by *a different party* unnecessary or duplicative. Indeed, were that the rule, the State Defendants could just as easily seek dismissal of the claims against *them* as duplicative, given the possibility of relief against *Defendant McCann*. Nothing in Rule 12(f) licenses this type of shell game.

Moreover, it is entirely possible that the Governor and Attorney General will at some future date seek dismissal of the claims against them for lack of standing. While the State Defendants' Answer waives any sovereign immunity defense to Plaintiff's claims, the Answer also suggests

that the Governor and Attorney General believe they lack sufficient connection to the enforcement of Section 18-9-122(3) because neither official "has prosecuted persons under section 18-9-122." Jared Polis's & Philip Weiser's Answer to Compl. at ¶¶ 11 n.1, 12 n.2, Doc. 43 (July 26, 2023). Should the Governor or Attorney General claim they lack sufficient connection to the statute's enforcement (a proposition Plaintiff obviously disputes), they could argue that Plaintiff's claims against them fail for lack of standing. *See Bronson v. Swensen*, 500 F.3d 1099, 1110 (10th Cir. 2007) ("It is well-established that when a plaintiff brings a pre-enforcement challenge to the constitutionality of a particular statutory provision, the causation element of standing requires the named defendants to possess authority to enforce the complained-of provision."). And the State Defendants' decision to waive any sovereign immunity defense obviously cannot foreclose them from later raising such a standing defense to the Court's subject matter jurisdiction, at any stage of the case. *See Virginia House of Delegates v. Bethune-Hill*, 139 S. Ct. 1945, 1951 (2019) ("As a jurisdictional requirement, standing to litigate cannot be waived or forfeited."). Plaintiff's claims for injunctive relief against Defendant McCann—the official who, as she herself concedes, has direct enforcement authority over COLO. REV. STAT. § 18-9-122(3)—are thus not only *not* redundant; those claims *ensure that the Court has subject matter jurisdiction* notwithstanding any future attack on Plaintiff's standing to sue the State Defendants.

## II. Defendant McCann Fails To Show that She Is a Redundant Party.

None of the grab-bag of authorities cited by Defendant dictates a contrary result. First and most fundamentally, Defendant has identified *no case* in which a court dismissed an official with direct enforcement authority over the challenged law due to the presence of other government-official defendants with less direct enforcement authority. Accordingly, none of Defendant's cases address the situation at issue here.

The cases Defendant invokes are off-point for numerous other reasons as well. Several involve state officials that are not appropriate defendants in a constitutional challenge to a state law in the first place because they lack any enforcement authority. *See Jiricko v. Frankenburg Jensen L. Firm*, 2017 WL 1207879, at *6 (D. Utah Mar. 14, 2017) (report and recommendation) ("judges are not proper parties to defend the constitutionality of state statutes" (cleaned up)); *Preskar v. United States*, 248 F.R.D. 576, 585 (E.D. Cal. 2008) (report and recommendation) ("in actions for declaratory and injunctive relief challenging the constitutionality of state statutes, the legislature is not a proper party pursuant to the doctrine of separation of powers"); *North Carolina State Conf. of NAACP v. Cooper*, 332 F.R.D. 161, 168 (M.D.N.C. 2019) (similar). These cases have no bearing here at all, given that Defendant McCann does not dispute that she has direct authority to enforce the challenged Colorado law.

Other of Defendant's cases involve the well-settled rule that where a plaintiff seeks only damages from a state officer in his official capacity, the claim is in reality one against the entity for whom the officer works, since any judgment will be paid out of *the entity's* coffers. In those circumstances, the official-capacity claim against the officer does indeed add nothing and may properly be dismissed. *See Lee v. City & Cnty. of Denver*, 2015 WL 249470, at *4 (D. Colo. Jan. 20, 2015); *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985); *see also Silverstein v. Federal Bureau of Prisons*, 704 F. Supp. 2d 1077, 1087 (D. Colo. 2010). But that rule has no application here either, since Plaintiff (as to her claim challenging COLO. REV. STAT. § 18-9-122(3)) seeks injunctive relief, not damages—relief that, as noted above, is separate and distinct with respect to each official that the injunction runs against.

Similarly, *Sensoria, LLC v. Kaweske*, 2021 WL 103020 (D. Colo. Jan. 12, 2021), is of no help to Defendant. At issue in *Sensoria* was not alleged redundancy due to similar claims against

multiple defendants but alleged redundancy due to multiple claims for similar relief. *See id.* at *15. *Sensoria* has no application here.

The remaining cases cited by Defendant, if anything, counsel *in favor of denying her motion*. *Phantom Fireworks Showrooms* held that while the governor was not a necessary party in that matter, the officials "responsible for implementing a statute"—as Defendant McCann is here—"are necessary parties." 198 A.3d at 1217. Conversely, *Nichols v. Brown*, 859 F. Supp. 2d 1118, 1131–32 (C.D. Cal. 2012), and *Rosendale v. Lankenau Kovner & Bickford*, 1989 WL 151235, at *7 (S.D.N.Y. Dec. 6, 1989), both stand for the proposition that high-ranking state officials—such as a governor or an attorney general—*are not* proper defendants if they have too attenuated a connection to the challenged law. As discussed above, Plaintiff believes that the Governor and Attorney general are appropriate defendants in this case, too, and they have not argued otherwise. But since Defendant McCann has a closer connection to the challenged law than either the Governor or the Attorney General, these cases only underscore her status as a necessary party to this lawsuit. Plainly, Defendant McCann—the state official with direct authority to enforce COLO. REV. STAT. § 18-9-122(3) against Plaintiff—is not entitled to dismissal merely because these higher-ranking state officers are also in the case.

## CONCLUSION

For the foregoing reasons, Defendants Kellner and McCann's motion to dismiss is moot with respect to Defendant Kellner and should be denied with respect to Defendant McCann.

Dated: September 20, 2023

Respectfully submitted,

s/ Charles J. Cooper
Charles J. Cooper
*Counsel of Record*
COOPER & KIRK, PLLC
David H. Thompson
John D. Ohlendorf
1523 New Hampshire Avenue, N.W.
Washington, D.C. 20036
(202) 220-9600
(202) 220-9601 (fax)
ccooper@cooperkirk.com

Jeffrey C. Mateer
David J. Hacker
Roger Byron
Lea E. Patterson
FIRST LIBERTY INSTITUTE
2001 West Plano Pky., Ste. 1600
Plano, Texas 75075
(972) 941-4444
(972) 941-4457 (fax)
rbyron@firstliberty.org

*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 20, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to attorneys for all parties in this case.

*s/ Charles J. Cooper*
Charles J. Cooper