IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-01376-GPG-NRN

WENDY FAUSTIN,

Plaintiff,

v.

JARED POLIS, in his official capacity as Governor of Colorado;
PHILIP J. WEISER, in his official capacity as Colorado Attorney General;
CITY AND COUNTY OF DENVER;
BETH MCCANN, in her official capacity as District Attorney for the 2nd Judicial District;
KERRY C. TIPPER, in her official capacity as City Attorney of Denver; *and*
RON THOMAS, in his official capacity as Chief of the Denver Police Department,

Defendants.

---

**REPLY IN SUPPORT OF MOTION TO DISMISS
FROM DEFENDANT BETH MCCANN**

---

Defendant Beth McCann, by and through her counsel, Andrew D. Ringel, Esq. of Hall & Evans, L.L.C., hereby respectfully submits this Reply in Support of Motion to Dismiss, as follows:

## INTRODUCTION

Defendant Beth McCann, the elected District Attorney for the Second Judicial District, filed her Motion to Dismiss on July 31, 2023, arguing she was not a necessary party to litigate the constitutionality of C.R.S. § 18-9-122(3) because Defendants Jared Polis, Governor of the State of Colorado, and Phillip J. Weiser, Attorney General of the State of Colorado, have answered Plaintiff's Complaint and specifically declared their intention to defend the constitutionality of this Colorado statute on its merits without asserting any Eleventh Amendment sovereign immunity defense. [ECF

47]. Plaintiff filed her Response to Defendant McCann's Motion to Dismiss on September 20, 2023. [ECF 62]. Defendant McCann now files her Reply.

Nothing contained in Plaintiff's Response alters the propriety of this Court concluding Defendant McCann is an unnecessary party. The Governor's and the Attorney General's participation as Defendants to defend the constitutionality of C.R.S. § 18-9-122(3) is all that is necessary for this Court to litigate the merits of Plaintiff's constitutional challenge to the statute. No purpose will be served by requiring Defendant McCann to also participate in this litigation as a Defendant. Ultimately, if the Supreme Court of the United States determines C.R.S. § 18-9-122(3) is unconstitutional based on Plaintiff's challenge, such a determination will be binding on every District Attorney in Colorado including Defendant McCann. No purpose exists to require Defendant McCann to litigate this matter as a result.

## ARGUMENT

### I. DISTRICT ATTORNEY BETH MCCANN IS NOT A NECESSARY PARTY TO LITIGATE THE CONSTITUTIONALITY OF C.R.S. § 18-9-122 BASED ON THE GOVERNOR'S AND THE ATTORNEY GENERAL'S PARTICIPATION AS DEFENDANTS

Defendant McCann's Motion argued the Governor's and the Attorney General's decision to defend the constitutionality of C.R.S. § 18-9-122 on its merits demonstrates she is not a necessary party. First, Defendant McCann provided this Court with precedent standing for the general principle that duplicative, unnecessary and redundant claims and defendants are routinely dismissed. [ECF 47, at 3-4]. Second, Defendant McCann also described precedent where courts have also dismissed improper, unnecessary or redundant parties as defendants in cases involving challenges to a statute's constitutionality. [ECF 47, at 4-5].

First, Plaintiff suggests Defendant McCann is a necessary party because Plaintiff seeks injunctive relief and Defendant McCann as a District Attorney has the authority to enforce the statute. [ECF 62, at 6]. Defendant McCann agrees all District Attorneys in Colorado have the authority to enforce C.R.S. § 18-9-122. In a normal constitutional challenge to a state statute, this enforcement authority might be enough to make Defendant McCann a necessary party. However, this is not a normal constitutional challenge. Plaintiff concedes the constitutionality of C.R.S. § 18-9-122 was upheld by the Supreme Court of the United States in ***Hill v. Colorado,*** 503 U.S. 703 (2000). [ECF 1, ¶ 34 ("Colorado defended the validity of Section 18-9-122(3) all the way to the Supreme Court, resulting in the decision in ***Hill*** upholding the law. Defendants continue to actively enforce Section 18-9-122(3)."). Based on ***Hill,*** Plaintiff's constitutional challenge requires the Supreme Court to revisit ***Hill*** and decide the constitutionality of the statute differently. Practically, that means this case will ultimately proceed to the appellate courts not in the context of a grant or a denial of a preliminary injunction, but rather based on the arguments of the parties concerning the constitutionality of the statue based on ***Hill*** and subsequent developments in the law over the past two decades. Such arguments will be presented to this Court on summary judgment. If the Supreme Court ultimately grants certiorari and rules in the Plaintiff's favor, the result will be a declaration by the Supreme Court that C.R.S. § 18-9-122 is unconstitutional. Should the Supreme Court declare C.R.S. § 18-9-122 unconstitutional, such a ruling would be binding on Defendant McCann just as it would be binding on all officials in Colorado with the legal authority to enforce the statute regardless of whether Defendant McCann or anyone else with enforcement authority is a party to this litigation. No one with authority could enforce the statute if the Supreme Court decided it is unconstitutional.

As a result, properly understood, Defendant McCann is no more necessary to these proceedings than any other District Attorney in Colorado. The Governor and the Attorney General deciding to defend the statute's constitutionality is all that is needed to appropriately litigate this matter before this Court and on appeal. No actual possibility exists for a preliminary injunction to be entered in this matter in the Plaintiff's favor to bind Defendant McCann or anyone else because of ***Hill*** itself. Until and unless the Supreme Court revisits ***Hill*** and determines C.R.S. § 18-9-122 is unconstitutional, Plaintiff simply cannot obtain any injunctive or other relief. Since such relief would not come in the form of an injunction, but rather a declaration by the Supreme Court the statute is unconstitutional, there is no practical need for Defendant McCann to continue to participate in this matter as a Defendant. Keeping Defendant McCann as a Defendant here does nothing more than merely elevate form over substance.

Plaintiff's argument the Governor and the Attorney General will somehow change their minds about defending the statute's constitutionality is pure speculation. [ECF 62, at 4-5]. Nothing occurring in this litigation to date supports the Plaintiff's speculation. The Governor and the Attorney General have answered, determined not to assert their Eleventh Amendment sovereign immunity, and have specifically announced their intention to vigorously defend the merits of the constitutional issue. Plaintiff's rank speculation this posture could change in the future does not warrant this Court keeping Defendant McCann as a Defendant here. *Compare* ***Brown v. Buhman,*** 822 F.3d 1151, 1170 (10th Cir. 2016) (accepting prosecutor's declaration of intent not to enforce statute against plaintiffs and noting "Close scrutiny of the relevant facts does not suggest Mr. Buhman is attempting to deceive the court."). Here, nothing in how the Governor and the Attorney General have approached this litigation provides any support for Plaintiff's

speculation they will somehow change their mind about litigating the merits of C.R.S. § 18-9-122's constitutionality. Indeed, ***Hill*** itself belies any such conclusion.

Second, Plaintiff argues the cases Defendant McCann relies upon are distinguishable. [ECF 62, at 5-7]. Plaintiff misses the point. Defendant McCann recognizes none of these cases are directly on all fours. Defendant McCann cited them for the general proposition an unnecessary and duplicative defendant need not remain in a case. Plaintiff's effort to distinguish this precedent does nothing to undermine this basic legal principle and the precedent relied upon by Defendant McCann supports it.

## II. DISTRICT ATTORNEYS LACK THE AUTHORITY TO ENFORCE MUNICIPAL ORDINANCES AND THEREFORE DISTRICT ATTORNEY MCCANN IS NOT A NECESSARY PARTY TO LITIGATE THE CONSTITUTIONALITY OF DENVER CODE OF ORDINANCES § 38-1114(b)

Defendant McCann as a District Attorney she lacked the authority to enforce municipal ordinances and therefore was not a necessary party for Plaintiff's challenge to Denver Code of Ordinances § 38-1114(b). [ECF 47, at 5-6]. Plaintiff concedes Defendant McCann is not a necessary party for this challenge. [ECF 62, at 3 n. 2].

## CONCLUSION

In conclusion, for all the foregoing reasons, as well as based on the arguments and authorities contained in her Motion to Dismiss, Defendant Beth McCann respectfully requests this Court dismiss her as a Defendant in this matter as an unnecessary party, and for all other and further relief as this Court deems just and appropriate.

Dated this 10th day of October 2023.

Respectfully submitted,

*s/Andrew D. Ringel*___
Andrew D. Ringel, Esq.
Hall & Evans, L.L.C
1001 17th Street, Suite 300
Denver, CO 80202
Phone: 303-628-3300
Fax: 303-628-3368
E-mail: ringela@hallevans.com

**ATTORNEYS FOR DEFENDANT BETH MCCANN**

**CERTIFICATE OF SERVICE (CM/ECF)**

I hereby certify that on this 10th day of October, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system following notification of such filing to all counsel of record in this matter.

*s/Nicole Marion*
Nicole Marion, Legal Assistant