**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 23-cv-01376-NRN

WENDY FAUSTIN

Plaintiff,

v.

JARED S. POLIS, in his official capacity as Governor of Colorado;
PHILIP J. WEISER, in his official capacity as Colorado Attorney General;
CITY AND COUNTY OF DENVER;
BETH MCCANN, in her official capacity as District Attorney for the 2nd Judicial District;
KERRY C. TIPPER, in her official capacity as City Attorney of Denver; *and*
RON THOMAS, in his official capacity as Chief of the Denver Police Department,

Defendants.

---

**DEFENDANTS CITY AND COUNTY OF DENVER, KERRY C. TIPPER, AND RON THOMAS' ANSWER AND DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT**

---

Defendants City and County of Denver, Kerry C. Tipper, and Ron Thomas (Denver Defendants), through counsel, answer and assert the following defenses to Plaintiff's Amended Complaint ("Complaint") (Doc. 69):

## INTRODUCTION

1. The allegations contained in paragraph 1 are legal contentions to which no response is required. To the extent a response is required, Denver Defendants deny the allegations contained in paragraph 1 of the Complaint.

2. Denver Defendants deny that the outside of an abortion clinic, in the last few minutes before a woman obtains an abortion, is the only place and only time that Plaintiff realistically

could persuade women to pursue an alternative to abortion. Denver Defendants lack sufficient knowledge as to Plaintiff's personal beliefs and wishes, and thus deny the remaining allegations contained in paragraph 2 of the Complaint.

3. Denver Defendants admit that Defendants are state and local officials in the State of Colorado, and the City and County of Denver. Denver Defendants admit that Colorado Statute § 18-9-122(3) and Denver Ordinance § 38-114(b) prohibit anyone from "knowingly approach[ing] another person within eight feet of such person, unless such other person consents, for the purpose of passing a leaflet or handbill to, displaying a sign to, or engaging in oral protest, education, or counseling with such other person in the public way or sidewalk area within a radius of one hundred feet from an entrance door to a health-care facility." Denver Defendants deny all other allegations in paragraph 3 of the Complaint.

4. Denver Defendants deny the allegations contained in paragraph 4 of the Complaint.

5. Denver Defendants deny the allegations contained in paragraph 5 of the Complaint.

6. Denver Defendants admit that the result Plaintiff seeks is contrary to current governing precedent as set forth in *Hill v. Colorado*, 530 U.S. 703 (2000). Denver Defendants deny the remaining allegations contained in paragraph 6 of the Complaint.

**JURISDICTION AND VENUE**

7. Denver Defendants admit that this Court has jurisdiction over the claims asserted by Plaintiff under the statutory sections cited by Plaintiff if Plaintiff satisfies her burden of proving standing; Denver Defendants deny that Plaintiff has standing. Any remaining allegations in paragraph 7 are legal contentions to which no response is required. To the extent a response is required, Denver Defendants deny the allegations contained in paragraph 7 of the Complaint.

8. Denver Defendants deny that Plaintiff is entitled to any remedy under 28 U.S.C. §§ 1651, 2201, and 2202 and 42 U.S.C. §§ 1983 and 1988.

9. Defendants admit that venue is proper.

**PARTIES**

10. Denver Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 10 of the Complaint, and therefore, deny the same.

11. Denver Defendants admit the allegations contained in paragraph 11 of the Complaint.

12. Denver Defendants admit the allegations contained in paragraph 12 of the Complaint.

13. Denver Defendants admit the allegations contained in paragraph 13 of the Complaint.

14. Denver Defendants admit that Beth McCann is the District Attorney for the 2nd Judicial District, which encompasses the City and County of Denver. Denver Defendants admit that by statute, section 20-1-102, C.R.S., district attorneys have the authority to appear on behalf of the state in all indictments, actions, and proceedings, which may be pending in the district court in any county within their district. Denver Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 14 of the Complaint, and therefore, deny the same.

15. Denver Defendants admit that Kerry C. Tipper is the City Attorney for the City and County of Denver and that she is being sued in her official capacity. Denver Defendants admit that she represents the City and County of Denver in civil litigation and has the authority to prosecute violations of the City and County's ordinances, including Denver Code of Ordinances § 38-114. Denver Defendants deny the remaining allegations contained in paragraph 15 of the Complaint.

16. Denver Defendants admit the allegations contained in paragraph 16 of the Complaint.

## FACTUAL ALLEGATIONS

### I. Ms. Faustin's Speech.

17. Denver Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 17 of the Complaint, and therefore, deny the same.

18. Denver Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 18 of the Complaint, and therefore, deny the same.

19. Denver Defendants deny that COLO. REV. STAT. § 18-9-122 and DENVER CODE OF ORDINANCES § 38-114 severely restrict any behavior. Denver Defendants lack sufficient knowledge to form a belief about the truth of the remaining allegations contained in paragraph 19 of the Complaint, and therefore deny the same.

20. Denver Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 20 of the Complaint, and therefore deny the same.

21. Denver Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 21 of the Complaint, and therefore deny the same.

22. Denver Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 22 of the Complaint, and therefore deny the same.

23. Denver Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 23 of the Complaint, and therefore deny the same.

24. Denver Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations contained in paragraph 24 of the Complaint and therefore deny the same.

25. Denver Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations contained in paragraph 25 of the Complaint.

**II. Colorado's Restrictions on Speech Outside Abortion Clinics.**

26. Denver Defendants admit that paragraph 26 accurately quotes section 18-9-122(3). Denver Defendants deny the remaining allegations contained in paragraph 26 of the Complaint.

27. Denver Defendants admit the allegations contained in paragraph 27 of the Complaint.

28. Denver Defendants admit that "health-care facility" as defined by the statute can include clinics where reproductive health care, including abortion care, is administered.

29. Denver Defendants deny the allegations contained in paragraph 29 of the Complaint.

30. Denver Defendants admit the allegations contained in paragraph 30 of the Complaint.

31. Denver Defendants admit that a person who violates the provisions of section 18-9-122, C.R.S. is subject to civil liability. Specifically, "a person is entitled to recover damages and to obtain injunctive relief from any person who commits or incites others to commit the offense of preventing passage to or from a health-care facility or engaging in prohibited activity as engaged in a health-care facility as defined in section 18-9-122(2), C.R.S."

32. Denver Defendants admit that the defendants in *Hill* defended section 18-9-122(3) in the United States Supreme Court and that section 18-9-122(3) is a criminal prohibition under Colorado law. Denver Defendants deny the remaining allegations contained in paragraph 32 of the Complaint.

33. Denver Defendants deny the allegations contained in paragraph 33 of the Complaint.

34. Denver Defendants deny the allegations contained in paragraph 34 of the Complaint.

35. Denver Defendants deny the allegations contained in paragraph 35 of the Complaint.

36. Denver Defendants deny the allegations contained in paragraph 36 of the Complaint.

37. Denver Defendants deny that the United States Supreme Court held that section 18-9-122(3)'s purpose is to "protect listeners from unwanted communication." Denver Defendants admit that the quoted material in paragraph 37 from *McCullen v. Coakley*, 573 U.S. 464, 481 (2014), is accurately quoted. Any remaining allegations in paragraph 37 are legal contentions to which no response is required. To the extent a response is required, Denver Defendants deny the remaining allegations in paragraph 37.

38. Denver Defendants deny the allegations contained in paragraph 38 of the Complaint.

39. Denver Defendants admit that COLO. REV. STAT. § 18-9-122 provides "that the exercise of a person's right to protest or counsel against certain medical procedures must be balanced against another person's right to obtain medical counseling and treatment in an unobstructed manner." *Id.* Denver Defendants deny the remaining allegations contained in paragraph 39 of the Complaint.

40. Denver Defendants admit that the legislative history for section 18-9-122(3), C.R.S., includes discussion of political expression outside of abortion clinics but deny the characterization of that discussion contained in paragraph 40. Defendants deny any remaining allegations contained in paragraph 40 of the Complaint.

41. Denver Defendants admit that the quoted language in paragraph 41 of the Complaint appears in the *Hill* opinion. Denver Defendants deny that the quoted language includes the full context for the comment in *Hill*, which is: "First, [petitioners] accurately explain that the areas protected by the statute encompass all the public ways within 100 feet of every entrance to every health care facility everywhere in the State of Colorado. There is no disagreement on this point,

even though the legislative history makes clear that its enactment was primarily motivated by activities in the vicinity of abortion clinics." 530 U.S. at 715. Denver Defendants deny any remaining allegations contained in paragraph 41 of the Complaint.

42. Denver Defendants deny the allegations contained in paragraph 42 of the Complaint.

43. Denver Defendants deny the allegations contained in paragraph 43 of the Complaint.

44. Denver Defendants deny the allegations contained in paragraph 44 of the Complaint.

45. Denver Defendants deny the allegations contained in paragraph 45 of the Complaint.

46. Denver Defendants deny the allegations contained in paragraph 46 of the Complaint.

47. Denver Defendants admit that COLO. REV. STAT. § 18-9-122(2) provides that "[a] person commits a petty offence if such a person knowingly obstructs, detains, hinders, impedes, or blocks another person's entry to or exit from a health-care facility." *Id.* Denver Defendants admit that Plaintiff does not challenge section 18-9-122(2), C.R.S. Denver Defendants deny any remaining allegations contained in paragraph 47 of the Complaint.

48. Denver Defendants admit the federal Freedom of Access to Clinic Entrances Act of 1994 ("FACE Act") makes it a crime if anyone "by force or threat of force or by physical obstruction, intentionally injures, intimidates or interferes with or attempts to injure, intimidate or interfere with any person because that person is or has been, or in order to intimidate such person or any other person or any class of persons from, obtaining or providing reproductive health services." 18 U.S.C. § 248(a)(1). Denver Defendants deny any remaining allegations contained in paragraph 48 of the Complaint.

49. Denver Defendants admit that DENVER CODE OF ORDINANCES § 38-86(1) makes it unlawful for any person to either (1) "[o]bstruct a highway, street, sidewalk . . . [or] building

entrance . . . to which the public or a substantial group of the public has access or any other place used for the passage of persons, vehicles, or conveyances," or (2) "[d]isobey a reasonable request or order to move . . . to prevent obstruction of a highway or passageway or to maintain public safety." Denver Defendants deny the remaining allegations contained in paragraph 49 of the Complaint.

**III. Denver's Restrictions on Speech Outside Abortion Clinics.**

50. Denver Defendants admit that section 18-9-122(5), C.R.S. states that nothing in section 18-9-122, C.R.S. shall be construed to prohibit a statutory or home rule city or county or city and county from adopting a law for the control of access to health-care facilities that is no less restrictive than the provisions of section 18-9-122, C.R.S. Denver Defendants deny that this provision applies to all local jurisdictions.

51. Denver Defendants admit that the Denver Code of Ordinances includes the quoted passage at section 38-114(b). The remaining allegations in paragraph 51 are legal contentions to which no response is required. To the extent a response is required, The Denver Defendants deny the remaining allegations in paragraph 51 of the Complaint.

52. Denver Defendants admit that Denver Code of Ordinances § 38-114(a) defines "health care facility" as "Any licensed or certified medical or health care facility within the City and County of Denver or any office or clinic within the City and County of Denver regularly used by any licensed health care provider to provide medical, nursing or health care to patients." The remaining allegations in paragraph 52 are legal contentions to which no response is required. To the extent a response is required, the Denver Defendants deny the remaining allegations in paragraph 52 of the Complaint.

53. Denver Defendants admit the definition of "health care facility" as defined by the ordinance can include clinics where reproductive health care, including abortion care, is administered.

54. Denver Defendants deny the allegations contained in paragraph 54 of the Complaint.

55. Denver Defendants admit that Denver Code of Ordinances § 38-114(b) does not provide for a fine or penalty, and that the general penalty section for a violation of the Denver Code of Ordinances indicates that a violator may, for each offense, be fined in a sum not more than $999 or jailed not to exceed 300 days, or both so fined and jailed. Denver Defendants deny any remaining allegations in paragraph 55 of the Complaint.

56. Denver Defendants admit that DENVER CODE OF ORDINANCES § 38-114(b) prohibits certain conduct for which punishment can be imposed. Denver Defendants deny the remaining allegations contained in paragraph 56 of the Complaint.

57. Denver Defendants deny the allegations contained in paragraph 57 of the Complaint.

58. Denver Defendants deny the allegations contained in paragraph 58 of the Complaint.

59. Denver Defendants deny the allegations contained in paragraph 59 of the Complaint.

60. Denver Defendants deny the allegations contained in paragraph 60 of the Complaint.

61. Denver Defendants deny that the United States Supreme Court held that section 18-9-122(3)'s purpose is to "protect listeners from unwanted communication." Denver Defendants admit that the City and County of Denver, along with the City of Boulder, filed an amici brief in *Hill*, and that the quoted material in paragraph 61 purportedly from that brief appears in that brief, but deny the characterization of that quoted material. Denver Defendants admit that the

quoted material in paragraph 61 from *McCullen v. Coakley*, 573 U.S. 464, 481 (2014), is accurately quoted. Denver Defendants deny any remaining allegations in paragraph 61.

62. Denver Defendants admit that the quoted material purportedly from the Amici Brief of the City of Boulder and the City & County of Denver appears in that brief, but deny that any characterization of that material is accurate. Denver Defendants deny that the cited brief makes clear that Denver Code of Ordinances § 38-114(b) is content-based and viewpoint-based. Denver Defendants deny any remaining allegations in paragraph 62 of the Complaint.

63. Denver Defendants deny the allegations contained in paragraph 63 of the Complaint.

64. Denver Defendants deny the allegations contained in paragraph 64 of the Complaint.

65. Denver Defendants deny the allegations contained in paragraph 65 of the Complaint.

66. Denver Defendants deny the allegations contained in paragraph 66 of the Complaint.

67. Denver Defendants admit that COLO. REV. STAT. § 18-9-122(2) provides that "[a] person commits a petty offence if such a person knowingly obstructs, detains, hinders, impedes, or blocks another person's entry to or exit from a health-care facility." *Id.* Denver Defendants admit that Plaintiff does not challenge section 18-9-122(2), C.R.S. Denver Defendants deny any remaining allegations contained in paragraph 67 of the Complaint.

68. Denver Defendants admit the federal Freedom of Access to Clinic Entrances Act of 1994 ("FACE Act") makes it a crime if anyone "by force or threat of force or by physical obstruction, intentionally injures, intimidates or interferes with or attempts to injure, intimidate or interfere with any person because that person is or has been, or in order to intimidate such person or any other person or any class of persons from, obtaining or providing reproductive health services."

18 U.S.C. § 248(a)(1). Denver Defendants deny any remaining allegations contained in paragraph 68 of the Complaint.

69. Denver Defendants admit that DENVER CODE OF ORDINANCES § 38-86(1) makes it unlawful for any person to either (1) "[o]bstruct a highway, street, sidewalk . . . [or] building entrance . . . to which the public or a substantial group of the public has access or any other place used for the passage of persons, vehicles, or conveyances," or (2) "[d]isobey a reasonable request or order to move . . . to prevent obstruction of a highway or passageway or to maintain public safety." Denver Defendants deny any remaining allegations contained in paragraph 69 of the Complaint.

**IV. The Bans' Impact on Ms. Faustin's Speech.**

70. Denver Defendants deny the allegations contained in paragraph 70 of the Complaint.

71. Denver Defendants admit that the challenged statute and ordinance apply within a radius of one hundred feet from any entrance door to any health-care facility. Denver Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 71 of the Complaint, and therefore deny the same.

72. Denver Defendants deny that the challenged statute and ordinance require Plaintiff to remain eight feet away from all women she wishes to talk with and attempt to persuade. Denver Defendants deny any remaining allegations contained in paragraph 72 of the Complaint.

73. Denver Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 73 of the Complaint, and therefore deny the same.

74. Denver Defendants admit that the challenged statute and ordinance permit a person to knowingly approach another person within eight feet of such a person if such person consents to

approach. Denver Defendants deny the remaining allegations contained in paragraph 74 of the Complaint.

75. Denver Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations contained in paragraph 75, and therefore deny the same.

76. Denver Defendants deny the allegations contained in paragraph 76 of the Complaint.

77. Denver Defendants deny the allegations contained in paragraph 77 of the Complaint.

78. Denver Defendants deny the allegations contained in paragraph 78 of the Complaint.

79. Denver Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations contained in paragraph 79, and therefore deny the same.

80. Denver Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations contained in paragraph 80, and therefore deny the same.

81. Denver Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations contained in paragraph 81, and therefore deny the same.

82. Denver Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations contained in paragraph 82, and therefore deny the same.

83. Denver Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations contained in paragraph 83, and therefore deny the same.

84. Denver Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations contained in paragraph 84, and therefore deny the same.

85. Denver Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations contained in paragraph 85, and therefore deny the same.

86. Denver Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations contained in paragraph 86, and therefore deny the same.

87. Denver Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations contained in paragraph 87, and therefore deny the same.

88. Denver Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations contained in paragraph 88, and therefore deny the same.

89. Denver Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations contained in paragraph 89, and therefore deny the same.

90. Denver Defendants deny the allegations contained in paragraph 90 of the Complaint.

**COUNT ONE – FREEDOM OF SPEECH**

**42 U.S.C. § 1983 Action Challenging Defendants' Enforcement of COLO. REV. STAT. § 18-9-122(3) under U.S. CONST. amends. I and XIV (Against Defendants Polis, Weiser, Kellner, Watson, McCann, and Thomas)**

91. Denver Defendants hereby reallege and incorporate each of their responses to the foregoing allegations as if set forth herein.

92. The allegations in paragraph 92 are legal contentions to which no response is required. To the extent a response is required, Denver Defendants deny the allegations contained in paragraph 92 of the Complaint.

93. The allegations contained in paragraph 93 are legal contentions to which no response is required. To the extent a response is required, Denver Defendants deny the allegations contained in paragraph 93 of the Complaint.

94. The allegations contained in paragraph 94 are legal contentions to which no response is required. To the extent a response is required, Denver Defendants deny the allegations contained in paragraph 94 of the Complaint.

95. Denver Defendants admit the allegations contained in paragraph 95 of the Complaint.

96. Denver Defendants deny the allegations contained in paragraph 96 of the Complaint.

97. Denver Defendants deny the allegations contained in paragraph 97 of the Complaint.

98. Denver Defendants deny the allegations contained in paragraph 98 of the Complaint.

99. Denver Defendants deny the allegations contained in paragraph 99 of the Complaint.

100. Denver Defendants deny the allegations contained in paragraph 100 of the Complaint.

101. Denver Defendants deny the allegations contained in paragraph 101 of the Complaint.

## COUNT TWO – FREEDOM OF SPEECH

### 42 U.S.C. § 1983 Action Challenging Defendants' Enforcement of DENVER CODE OF ORDINANCES § 38-114(b) under U.S. CONST. amends. I and XIV (Against Defendants City and County of Denver, Tipper, and Thomas)

102. Denver Defendants hereby reallege and incorporate each of their responses to the foregoing allegations as set forth herein.

103. The allegations in paragraph 103 are legal contentions to which no response is required. To the extent a response is required, Denver Defendants deny the allegations in paragraph 103.

104. The allegations in paragraph 104 are legal contentions to which no response is required. To the extent a response is required, Denver Defendants deny the allegations in paragraph 104.

105. The allegations in paragraph 105 are legal contentions to which no response is required. To the extent a response is required, Denver Defendants deny the allegations in paragraph 105.

106. Denver Defendants admit the allegations contained in paragraph 106 of the Complaint.

107. Denver Defendants deny the allegations contained in paragraph 107 of the Complaint.

108. Denver Defendants deny the allegations contained in paragraph 108 of the Complaint.

109. Denver Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations contained in paragraph 109, and therefore deny the same.

110. Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations contained in paragraph 110, and therefore deny the same.

111. Denver Defendants deny the allegations contained in paragraph 111 of the Complaint.

112. Denver Defendants deny the allegations contained in paragraph 112 of the Complaint.

113. Denver Defendants deny the allegations contained in paragraph 113 of the Complaint.

114. Denver Defendants deny the allegations contained in paragraph 114 of the Complaint.

**JURY DEMAND**

115. Denver Defendants demand a trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

116. Denver defendants deny that Plaintiff is entitled to any of the relief she requests.

**DEFENSES**

Denver Defendants submit the following defenses for which they do not concede that they owe the burden of proof or persuasion.

1. Plaintiff lacks Article III standing to bring this action;

2. Laches;

3. Defendant Kerry C. Tipper is sued in her official capacity as City Attorney of Denver and therefore, because the City and County of Denver is also a defendant, she is not a proper party and should be dismissed. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("[A]n official-

capacity suit is, in all respects other than name, to be treated as a suit against the entity."); *Silverstein v. Fed. Bureau of Prisons*, 704 F. Supp. 2d 1077, 1087 (D. Colo. 2010) (dismissing plaintiff's official capacity claims against individual defendants pursuant to Fed. R. Civ. P. 12(f));

4. Defendant Ron Thomas is sued in his official capacity as Chief of the Denver Police Department and therefore, because the City and County of Denver is also a defendant, he is not a proper party and should be dismissed. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."); *Silverstein v. Fed. Bureau of Prisons*, 704 F. Supp. 2d 1077, 1087 (D. Colo. 2010) (dismissing plaintiff's official capacity claims against individual defendants pursuant to Fed. R. Civ. P. 12(f).

Dated this 7th day of November 2023.

Respectfully submitted by,

*s/ Honor K Moore*

Honor K. Moore, Assistant City Attorney
Andres Alers, Assistant City Attorney
Denver City Attorney's Office
Litigation Section
201 W. Colfax Avenue, Dept. 1108
Denver, Colorado 80202-5332
Telephone: 720-913-3100
Facsimile: 720-913-3190
E-mail: honor.moore@denvergov.org
E -mail: andres.alers@denvergov.org
*Attorneys for Denver Defendants*

**CERTIFICATE OF SERVICE**

I certify that on this 7th day of November 2023, I electronically filed the foregoing **DEFENDANTS CITY AND COUNTY OF DENVER, KERRY C. TIPPER, AND RON THOMAS' ANSWER AND DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Charles J. Cooper<br>David H. Thompson<br>John D. Ohlendorf<br>Brian W. Barnes<br>Cooper & Kirk, PLLC<br>ccooper@cooperkirk.com<br>dthompson@cooperkirk.com<br>johlendorf@cooperkirk.com<br>bbarnes@cooperkirk.com<br><br>Roger Byron<br>David J. Hacker<br>Lea E. Patterson<br>Jeffrey C. Mateer<br>First Liberty Institute<br>rbyron@firstliberty.org<br>dhacker@firstliberty.org<br>lepatterson@firstliberty.org<br>jmateer@firstliberty.org<br><br>*Attorneys for Plaintiff* | Andrew D. Ringel<br>Hall & Evans, LLC<br>ringela@hallevans.com<br><br>*Attorney for Defendant McCann*<br><br>Peter G. Baumann<br>Emily B. Buckley<br>Michael McMaster<br>LeeAnn Morrill<br>Ralph L. Carr Colorado Judicial Center<br>Peter.Baumann@coag.gov<br>Michael.mcmaster@coag.gov<br>Emily.buckley@coag.gov<br>Leeann.morrill@coag.gov<br><br>*Attorneys for Defendants Polis and Weiser* |

*s/ Nicole Petosa*
Denver City Attorney's Office