IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Gordon P. Gallagher

Civil Action No. 23-cv-01376-GPG-NRN

WENDY FAUSTIN,

    Plaintiff,

v.

JARED POLIS, in his official capacity as Governor of Colorado,
PHILIP J. WEISER, in his official capacity as Colorado Attorney General,
CITY AND COUNTY OF DENVER,
BETH MCCANN, in her official capacity as District Attorney for the 2nd Judicial District,
KERRY C. TIPPER, in her official capacity as City Attorney of Denver, and
RON THOMAS, in his official capacity as Chief of the Denver Police Department,

    Defendants.

## ORDER

Before the Court is Defendant McCann's Amended Motion to Dismiss (D. 47[1]). The Court DENIES the motion for the following reasons.

### I. FACTS

Colorado Revised Statutes § 18-9-122(3) states:

> No person shall knowingly approach another person within eight feet of such person, unless such other person consents, for the purpose of passing a leaflet or handbill to, displaying a sign to, or engaging in oral protest, education, or counseling with such other person in the public way or sidewalk area within a radius of one

---

[1] The Amended Motion (D. 47) includes Defendant Kellner. Defendant Kellner was dismissed and the Amended Complaint (D. 69) no longer includes him as a Defendant. Rather than re-brief the issue, the Parties have stipulated (D.71) that the Court should proceed on the current briefing.

1

> hundred feet from any entrance door to a health-care facility. Any person who violates this subsection (3) commits a petty offense.

Persons who violate this statute are also subject to civil liability. *See* C.R.S. § 18-9-122(6). The United States Supreme Court previously upheld § 18-9-122, concluding that "[t]hese restrictions [] do not constitute an unlawful prior restraint." *Hill v. Colorado*, 530 U.S. 703, 734 (2000).

Plaintiff Wendy Faustin hopes that the United States Supreme Court will revisit this statute's constitutionality. She personally desires the opportunity to persuade women, outside of abortion clinics, to alter their decisions "in the last few minutes before they obtain [an] abortion" (D. 69 at 2). To that end, Ms. Faustin brings this action.

It is axiomatic, but nevertheless important to state, that, unless the Colorado Legislature and the Governor of Colorado alter or vacate the statute in question, only one body—the United States Supreme Court—can remove it from *Hill's* ambit. That is important to state because, in a very real sense, both this Court[2] and perhaps the United States Court of Appeals for the 10th Circuit are merely stopovers on a journey that may end back at the nation's highest court. And, unlike many challenges to the constitutionality of a statute, this matter is not amenable to a request for a preliminary injunction (nor has one been demanded) because the United States Supreme Court has already deemed the statute at issue constitutional. Thus, the statute challenged statute will remain in effect—and prosecutable by any and all district attorneys in the State of Colorado—as this case moves forward.

District Attorney McCann moves to dismiss the official capacity claim against her pursuant to Federal Rule of Criminal Procedure 12(f), which allows a court to "strike from a pleading an

---

[2] I am aware of, but setting aside for the time-being, the circumstance that I may be asked to evaluate standing or some like doctrine that could halt the upward journey of this action.

2

insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P 12(f).  But Defendant McCann does not request the striking of an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.  Rather, she asks this Court to entirely dismiss her from this action.  The gist of Defendant McCann's argument is that Rule 12(f) authorizes dismissal of an unnecessary party and that her continued participation in this matter is unnecessary and redundant as both Governor Polis and Attorney General Weiser have stated their intent to waive their Eleventh Amendment sovereign immunity and consent to be sued, in their official capacities, for prospective relief (D. 73 at 6 n.1, 7 n.2).  Defendant McCann argues that her participation is no more or less necessary than any other elected district attorney in the State of Colorado because she is similarly bound by the law of the State and United States Supreme Court precedent and will follow all applicable law in discharging her prosecutorial duties (D. 47 at 4–5).

Plaintiff Faustin raises multiple challenges to the requested dismissal.  First, Plaintiff argues that, should she prevail in overturning *Hill* with Governor Polis and Attorney General Weiser as Defendants, District Attorney McCann would in some way not be bound by the injunctive relief sought and would be free to continue prosecuting the statute (D. 62 at 7).  This argument bears little discussion.  If the United States Supreme Court determines a statute is unconstitutional, that is the end of the road.  Further attempts (which this Court highly doubts would occur) to prosecute an unconstitutional statute would be met with swift litigation and injunctive relief.

Plaintiff Faustin also speculates that the Governor and Attorney General will move to dismiss her claims for lack of standing (*id.*).  Plaintiff cites *Bronson v. Swensen*, 500 F.3d 1099,

3

1110 (10th Cir. 2007), for the proposition that a pre-enforcement challenge to the constitutionality of a statute must be brought against a defendant with authority to enforce the offending statute. Plaintiff's argument is unpersuasive. Attorney General Weiser—acting in his official capacity—necessarily has statutory authority to prosecute any of the various criminal statutes of the State of Colorado. *See* C.R.S. § 24-31-101(h)(i) (stating that the Attorney General "[m]ay independently initiate and bring civil and criminal actions to enforce state laws"). Though the Court will not opine as to whether Plaintiff has standing, in this pre-enforcement context, to bring suit against any Defendants, it appears that the Attorney General and District Attorney McCann are essentially identically situated and the standing issue would resolve the same way as to both of them. Both have direct authority to prosecute the statute at issue.

Next, Plaintiff argues that the Court has no authority under Rule 12(f) or the case law cited by Defendant McCann to dismiss a party against whom a claim is validly brought.[3] On its face, Rule 12(f) does not appear to be an appropriate vehicle for dismissal of an arguably redundant party. Rule 12(f) is designed, as it clearly states, to address an insufficient defense. Fed. R. Civ. P. 12(f) Advisory Committee Note. The case law Defendant McCann cites is inapposite (*see* D. 47 at 3–5). She did not identify any case permitting this Court to dismiss a well-pleaded claim against a proper defendant. Plaintiff opposes dismissing Defendant McCann, and, within reason, she is the master of her own complaint.

Finally, Defendant McCann argues that she has no authority, in her official capacity, to enforce municipal ordinances (D. 47 at 5). But that is not why she is included in this suit; any

---

[3] While Defendant McCann does not request review of this issue under a traditional Rule 12(b)(6) rubric, I nevertheless have evaluated it in that context, applying the well-known *Iqbal/Twombly* analysis. Viewed from that perspective, it appears that Plaintiff sufficiently states a claim against Defendant McCann and that dismissal pursuant to Rule 12(b)(6) would not be appropriate.

argument on that point is irrelevant and not a valid basis for dismissal. District Attorney McCann is involved in this matter in her role as a state prosecutor—City Attorney Tipper was sued because she may enforce the Denver Municipal Code.

This Court is aware that this Order (and the nature of the case) might require the parties to duplicate their efforts to brief certain issues. By moving to dismiss, Defendant McCann essentially indicates that she, in her official capacity, does not wish to participate in the discovery or briefing in this action—which could be extensive, time consuming, and expensive. The Court acknowledges that litigation—and particularly discovery—can be burdensome. But the Court believes these concerns can be mitigated here. In the scheduling order Judge Neureiter entered (D. 61), Plaintiff's stated position is that, other than jurisdictional discovery vis-à-vis standing, discovery is neither necessary nor appropriate (D. 61 at 9). The State Defendants indicated a contrary position because they wish to build a record in anticipation of the United States Supreme Court hearing this matter (*id.* at 10–11).

In light of this Order, and Plaintiff's stated position on discovery, it would appear that Defendant McCann's involvement—other than in name only—will be minimal. Certainly, Defendant McCann may wish to (and would be afforded the opportunity to) vigorously litigate this action. But if Defendant McCann is content to let others take a leading role in actively litigating this case, a creative scheduling order can be adopted to that end. Similarly, Defendant McCann need not actively brief matters—instead, she can either sign onto briefs filed by the Governor and/or Attorney General or issue a brief notice of concurrence rather than independently brief any issues the other parties' may raise.

Accordingly, the motion to dismiss is DENIED.

It is further Ordered that, within fourteen (14) days, the parties MAY submit a proposed plan to limit Defendant McCann's active involvement in this action—should she wish to so limit her active participation.

DATED December 1, 2023.

BY THE COURT:

Gordon P. Gallagher
United States District Judge