IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge S. Kato Crews

Civil Action No. 1:23-cv-01376-SKC-NRN

WENDY FAUSTIN,

        Plaintiff,

v.

JARED POLIS, *et al.*,

        Defendants.

---

ORDER RE: MOTIONS FOR SUMMARY JUDGMENT (DKTS. 99, 100, 101, 102)

---

In 1993, the Colorado General Assembly enacted Colo. Rev. Stat. § 18-9-122 (Statute), which provides:

> No person shall knowingly approach another person within eight feet of such person, unless such other person consents, for the purpose of passing a leaflet or handbill to, displaying a sign to, or engaging in oral protest, education, or counseling with such other person in the public way or sidewalk area within a radius of one hundred feet from any entrance door to a health-care facility.

*Id.* at § 18-9-122(3). As pertinent here, this criminal Statute remains unchanged.[1] In addition, the City and County of Denver enacted an ordinance regarding

---

[1] The Colorado Legislature amended the Statute in 2022 to lower the offense from a class 3 misdemeanor to a petty offense. CO LEGIS 462 (2021), 2021 Colo. Legis. Serv. Ch. 462 (S.B. 21-271).

1

Case No. 1:23-cv-01376-SKC-NRN    Document 119    filed 07/29/25    USDC Colorado
pg 2 of 4

"Harassment near health care facility," which contains language identical to that in the Statute. *See* Denver Code of Ordinances § 38-114(b).

Following enactment of the Statute, a group of anti-abortion "sidewalk counselors"[2] filed a complaint in the District Court for Jefferson County, Colorado, seeking a declaration that the Statute was facially invalid. *Hill v. Colorado*, 530 U.S. 703, 708 (2000). After several appeals, a remand from the Supreme Court, and further appeals, the Supreme Court ultimately held that the Statute's restrictions were neither impermissibly content based nor viewpoint based. It also concluded the Statute was a permissible time, place, and manner restriction, and was neither unconstitutionally vague nor a prior restraint on speech. *Id.*

Plaintiff Wendy Faustin, a sidewalk counselor, has now sued Colorado Governor Jared Polis, Colorado Attorney General Philip Weiser, District Attorney for the Second Judicial District John Walsh[3], Denver City Attorney Kerry C. Tipper, and Denver Chief of Police Ron Thomas, asserting the Statute and Denver's Ordinance unconstitutionally infringe on her First Amendment right to freedom of speech. Dkt. 69. Her contentions regarding the Statute are materially similar, if not identical, to

---

[2] These individuals attempt to peacefully talk to people outside of medical facilities and offer information about alternatives to abortion care.

[3] Plaintiff's claim was originally asserted against Beth McCann in her official capacity as District Attorney. Mr. Walsh was elected to succeed Ms. McCann and was sworn in on January 14, 2025, and therefore, has been substituted in Ms. McCann's place. Dkts. 96, 98.

those addressed in *Hill*. *Id.* Indeed, Ms. Faustin admits the purpose of this lawsuit is to have *Hill v. Colorado* overturned. *Id.* at ¶6.

Following a period of discovery, all parties have filed motions seeking judgment as a matter of law in their favor. Dkts. 99, 100, 101, 102. The Court has carefully reviewed the Motions, the related briefing, and relevant law. A hearing is unnecessary. For the following reasons, judgment shall be entered in favor of Defendants.

## ANALYSIS

Defendants contend Plaintiff's claims are foreclosed by the Supreme Court's holding in *Hill v. Colorado*. Dkts. 99, 100, 102.[4] To be sure, in Plaintiff's own Motion, she "recognizes the general rule that the Supreme Court alone has authority to correct its own errors." Dkt. 101, p.6. She further states "if this Court instead feels bound to wait until the High Court itself utters the phrase 'we overrule *Hill*,' then Plaintiff does not dispute that *Hill* controls." *Id.* (cleaned up).

Contrary to Plaintiff's suggestion, it is not a matter of whether the Court *feels* bound to await a decision from the Supreme Court. In the hierarchy that is the federal court system, and under the doctrine of stare decisis, the Court is *required* to "follow the case which directly controls." *Schell v. Chief Just. & Justs. of Oklahoma Supreme Ct.*, 11 F.4th 1178, 1191 (10th Cir. 2021). And where the statute challenged in *Hill v.*

---

[4] District Attorney Walsh did not separately brief these issues. Instead, as permitted by the Court, he has joined in the arguments and authorities made by the other Defendants. Dkt. 99.

*Colorado* and the statute challenged now are one and the same, this Court has no discretion in the matter. Until the Supreme Court says otherwise, Colo. Rev. Stat. § 18-9-122 and the identical Denver Code of Ordinances § 38-114(b), survive Plaintiff's challenge. *Hill*, 530 U.S. at 735. *See also Coal. Life v. City of Carbondale, Illinois*, No. 23-2367, 2024 WL 1008591, at *1 (7th Cir. Mar. 8, 2024) (where the plaintiff challenged a statute identical to Colo. Rev. Stat. § 18-9-122, its claims were foreclosed by *Hill*), *cert. denied*, 145 S. Ct. 537, 221 L. Ed. 2d 240 (2025).

\* \* \*

Because, as Plaintiff concedes, this case is controlled by the Supreme Court's holding in *Hill v. Colorado*, 530 U.S. 703 (2000), the Court concludes Plaintiff's claims are foreclosed. Therefore, the Court respectfully DENIES Plaintiff's Motion for Summary Judgment (Dkt. 101) and GRANTS Defendants' Motions for Summary Judgment (Dkts. 99, 100, 102).

Judgment shall be entered in favor of Defendants, who are entitled to an award of costs as may be determined by the Clerk of Court. Fed. R. Civ. P. 54(d).

DATED: July 29, 2025.

BY THE COURT:

S. Kato Crews
United States District Judge

4